UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-442-FDW
(3:12-cr-144-FDW-1)

| | |
|---|---|
| CARL HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). The Government has filed a Motion to Dismiss, (Doc. No. 4). Also pending in the underlying criminal case is a Letter, (3:12-cr-144 ("CR") Doc. No. 45), that will be construed as a Motion to Appoint Counsel and a Motion for Extension of Time in the § 2255 proceedings.

**I. BACKGROUND**

Petitioner was charged in the criminal case with a single count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (CR Doc. No. 1). Petitioner entered a straight up conditional guilty plea that allowed him to appeal the denial of his motion to suppress. (CR Doc. No. 20).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. Nos. 19, 35). Petitioner stated, under oath, that he wanted the Court to accept his guilty plea; he understood his sentencing exposure and the consequences of pleading guilty; he understood the rights he was waiving by pleading guilty; and he was pleading guilty because he is guilty. (Id.). Petitioner stated that the

1

plea was knowing and voluntary and was not the product of threats, intimidation, or force, and that nobody has made any promises, aside from the conditional nature of his plea. (Id.). Petitioner further stated that he had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. (Id.).

The Presentence Investigation Report ("PSR") scored the base offense level as 20 because the offense is a violation of § 922(g) and Petitioner committed the instant offense subsequent to sustaining a felony conviction for a crime of violence, *i.e.*, five counts of robbery with a dangerous weapon, Case Nos. 02CRS246408, 02CRS256278, 02CRS256303, 02CRS256310, and 02CRS256322. (CR Doc. No. 25 at ¶ 13). However, Petitioner qualified as an armed career criminal because he had at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions, *i.e.*, the same convictions for robbery with a dangerous weapon cited in PSR paragraph 13. (CR Doc. No. 25 at ¶ 19). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (CR Doc. No. 25 at ¶ 22). The PSR's criminal history section included the five counts of robbery with a dangerous weapon for which Petitioner was sentenced to 51-71 months in prison. (CR Doc. No. 25 at ¶¶ 25, 26). Petitioner had a criminal history score of six and a criminal history category of III but the criminal history category for an armed career criminal is not less than IV. (CR Doc. No. 25 at ¶¶ 29-30). The resulting guidelines range was 180 months' imprisonment. (CR Doc. No. 25 at ¶ 57).

At the sentencing hearing, Petitioner confirmed that his answers at the Rule 11 hearing were true and that he would answer them the same if asked again. (CR Doc. No. 36 at 2-3). Petitioner addressed the Court, stating *inter alia*, "I know I was wrong for having a firearm in my possession…." (CR Doc. No. 36 at 10).

2

Case 3:20-cv-00442-FDW   Document 5   Filed 01/21/21   Page 2 of 12

The Court accepted Petitioner's guilty plea and, in a Judgment entered October 25, 2013, adjudicated him guilty and sentenced him to 180 months' imprisonment followed by three years of supervised release. (CR Doc. No. 28).

On direct appeal, Petitioner argued that the Court erred by denying his motion to suppress. The Fourth Circuit Court of Appeals affirmed on October 16, 2014. United States v. Harris, 584 F. App'x 164 (4th Cir. 2014). The United States Supreme Court denied certiorari on March 23, 2015. Harris v. United States, 575 U.S. 925 (2015).

On June 22, 2020, a *pro se* Letter, (CR Doc. No. 45), was docketed in the criminal case in which Petitioner requests the appointment of counsel and a 45-day extension of time to file a § 2255 petition raising Rehaif v. United States, 139 S.Ct. 2191 (2019). Petitioner argues that his institution, the Federal Transfer Center at Oklahoma City ("FTC Oklahoma City"), has been on lockdown since mid-March 2020 due to COVID-19, he has no access to the law library, that he was trying to wait until he was transferred to another institution to file his § 2255 petition but that move will not occur until after the § 2255 filing deadline, and the Government will not be prejudiced by an extension of time.

The instant *pro se* § 2255 Motion to Vacate is dated July 29, 2020 and was docketed on August 10, 2020.[1] (Doc. No. 1). Petitioner argues that his conviction should be vacated pursuant to Rehaif because Petitioner did not know the elements of the offense and he is actually innocent of violating § 922(g)(1). Petitioner acknowledges that his § 2255 Motion to Vacate was filed more than one year after Rehaif was issued. However, he argues that equitable tolling should apply

---

[1] Petitioner had previously filed a § 2255 Motion to Vacate, dated March 8, 2018 and docketed March 16, 2018, that was dismissed without prejudice for lack of prosecution, case number 3:18-cv-134-FDW.

3

Case 3:20-cv-00442-FDW   Document 5   Filed 01/21/21   Page 3 of 12

because FTC Oklahoma City had been shut down due to COVID-19 in mid-March 2020, leaving Petitioner without access to a law library or legal assistance.

The Government filed a Motion to Dismiss, (Doc. No. 3), arguing that the § 2255 Motion to Vacate should be dismissed or denied because it is untimely, procedurally barred, and meritless. On October 14, 2020, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Petitioner that he has a right to respond to the Motion to Dismiss and cautioning him that the failure to file a timely and persuasive response may result in the dismissal of the § 2255 Motion to Vacate. (Doc. No. 4). The time to file a response has expired and no response has been filed to date.

**II.     SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

4

As a preliminary matter, Petitioner has filed a Letter in the criminal case that will be construed as a Motion to Appoint Counsel and Motion for Extension of Time within which to file the § 2255 Motion to Vacate. (CR Doc. No. 45).

First, Petitioner requests the appointment of counsel. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Petitioner has failed to demonstrate that the appointment of counsel is warranted in this case, therefore, this request will be denied.

Second, Petitioner seeks an extension of time within which to file the § 2255 petition. A district court "lack[s] jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a "case or controversy" within the meaning of Article III of the United States Constitution." Ramirez v. United States, 461 F.Supp.2d 439, 440–41 (E.D.Va. 2006); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007). In order for a court to have jurisdiction over such a motion for an extension of time, it must be either (a) filed at the same time as, or after, the filing of a petitioner's § 2255 motion, or (b) be able to be construed as a § 2255 motion itself. Ramirez, 461 F.Supp.2d at 441. Petitioner filed his undated Letter requesting an extension of time before he filed a § 2255 petition and it was docketed on June 22, 2020. Although the Letter identifies Petitioner's Rehaif claim as the basis for his petition, it would not assist Petitioner if the Court construe the Letter as a § 2255 petition, because the Letter was filed more than one year after Rehaif was issued and, therefore, is untimely. See

5

Rule 3(d), 28 U.S.C.A. foll. § 2255 (for the prisoner mailbox rule to apply to a § 2255 petition, it must contain a declaration under penalty of perjury or notarized statement setting forth the date that the document was deposited in the institution's mailing system).

The Court will now turn to the § 2255 Motion to Vacate and the Government's Motion to Dismiss. First, the Government argues that the § 2255 Motion to Vacate was not filed within the applicable one-year statute of limitations.

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are

both extraordinary *and* beyond its control." Menominee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 756 (2016). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)) (citations omitted).

Petitioner acknowledges that his § 2255 Motion to Vacate was not filed within one year of the date the opinion in Rehaif was issued. Petitioner asks the Court to equitably toll the one-year statute of limitations because he was "stuck at the FTC [Oklahoma City]" where he had no access to a law library or legal assistance since mid-March 2020 due to COVID-19. (Doc. No. 1 at 12). Assuming *arguendo* that COVID-19 constitutes an extraordinary circumstance, Petitioner has failed to demonstrate that equitable tolling is appropriate. Petitioner generally contends that he lacked access to a law library or legal assistance at FTC Oklahoma City and that he was waiting to be transferred so that he could file his § 2255 Motion to Vacate. (Doc. No. 1 at 11-12). However, Petitioner fails to explain how he exercised due diligence or why he was unable to timely file his § 2255 Motion to Vacate. Moreover, the argument that he could not file from FTC Oklahoma City is belied by the fact that he mailed his § 2255 Motion to Vacate from that institution. (Doc. No. 1-1 at 1). Petitioner has failed to demonstrate that equitable tolling applies and, therefore, the § 2255 Motion to Vacate is subject to dismissal as time-barred.

Even if the § 2255 Motion to Vacate were timely filed, it would be dismissed and denied because it is procedurally defaulted from post-conviction review.

Petitioner argues that his guilty plea was not knowingly and voluntarily entered because he misunderstood the § 922(g) offense's elements pursuant to Rehaif. See generally Bousley v. United

7

States, 523 U.S. 614, 618 (1998) ("a plea does not qualify as intelligent unless a criminal defendant first received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process'") (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).

However, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id. at 621. A § 2255 motion is not a substitute for direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally defaulted from § 2255 review unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley, 523 U.S. at 621; United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review." See Whiteside, 775 F.3d at 185 (citing Bousley, 523 U.S. at 623). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014). Actual innocence means factual innocence, not legal insufficiency. See Mikalajunas, 186 F.3d at 494.

Petitioner did not raise his Rehaif claim before this Court or on direct appeal. It appears that Petitioner seeks to avoid his procedural default of this claim by arguing that the Rehaif claim is novel and that he is actually innocent of violating § 922(g).

Petitioner's claim of novelty fails because he only demonstrates futility, not that the claim was unavailable. It is insufficient to argue that "a claim was unacceptable to that particular court at that particular time." Engle v. Isaac, 456 U.S. 107, 130 (1982). The issue decided in Rehaif "was percolating in the courts for years…." United States v. Bryant, 2020 WL 353424 (E.D.N.Y. Jan. 21, 2020) (citing United States v. Reap, 391 F. App'x 99, 103-04 (2d Cir. 2010) (in challenging the validity of a plea, rejecting while affording plenary treatment to a defendant's claim that he did not know his 922(g) felon status, including his assertion that "Supreme Court jurisprudence in analogous cases" required proof of such knowledge); see also Rehaif, 139 S.Ct. at 2199 (observing that, even "[p]rior to 1986 … there was no definitive judicial consensus that knowledge of status was not needed"). Petitioner has therefore failed to demonstrate cause.

Further, Petitioner has failed to establish prejudice or actual innocence. Petitioner has failed to demonstrate prejudice because there is no error that worked to his actual and substantial disadvantage. Petitioner does not allege that he would not have pleaded guilty had he known about the element addressed in Rehaif or that Rehaif would have changed the outcome of the criminal proceedings in any way. With regards to actual innocence, Petitioner contends that he "did not know the elements of the offense…." (Doc. No. 1 at 8). However, this is an argument of legal rather than factual innocence. Petitioner has not come forward with any credible evidence that he is not guilty of the offense as a matter of fact. Moreover, the record demonstrates that Petitioner knew of his prohibited status at the time of the instant offense. The PSR's criminal history section sets forth multiple felony convictions including five convictions for robbery with a dangerous

9

weapon for which he knew he could be sentenced to 299 months each and for which he was actually sentenced to between 51 and 71 months' imprisonment. See (Doc. No. 3-1 at 1) (Judgment and Commitment, Case Nos. 02CRS246408, 02CRS256278, 02CRS256303, 02CRS256310, and 02CRS256322); (Doc. No. 3-1 at 5) (Transcript of Plea, Case Nos. 02CRS246408, 02CRS256278, 02CRS256303, 02CRS256310, and 02CRS256322). Any suggestion that Petitioner did not understand that these were felony convictions is especially incredible in light of the fact that Petitioner served more than three years in prison for those cases. See (CR Doc. No. 25 at ¶¶ 25-26). Further, Petitioner stated in open court at the sentencing hearing that he "know[s] [he] was wrong for having a firearm in [his] possession," which further indicates that he knew he was prohibited from possessing a firearm. (CR Doc. No. 36 at 10). The record thus demonstrates that Petitioner was well aware of his prohibited status and his present unsupported and self-serving contentions to the contrary will be rejected. See Erwin v. United States, 2020 WL 5822219 (W.D.N.C. Sept. 30, 2020) (dismissing § 2255 Rehaif claim as waived and procedurally defaulted where petitioner served a three-year sentence for his prior felony convictions and was serving supervised release on those convictions when he committed the instant offense). Petitioner has failed to demonstrate cause and prejudice or actual innocence, and therefore his Rehaif claim is procedurally defaulted from § 2255 review.

For all the foregoing reasons, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

### IV.   CONCLUSION

The § 2255 Motion to Vacate is dismissed with prejudice and denied and the Respondent's Motion to Dismiss will be granted. Petitioner's Letter will be construed as a criminal Motion and will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's *pro se* Letter, (CR Doc. No. 45), is construed as a Motion to Appoint Counsel and Motion for Extension of Time and is **DENIED**. The Clerk is instructed to terminate this Motion in the criminal case.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. The Respondent's Motion to Dismiss, (Doc. No. 3), is **GRANTED**.

4. The Clerk is instructed to mail a copy of this Order to Petitioner at his address of record and to: Carl Harris, Reg. No. 27483-058, FCI Edgefield, Federal Correctional Institution, PO Box 725, Edgefield, SC 29824. [2]

5. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

6. The Clerk is instructed to close this case.

---

[2] The Federal Bureau of Prisons' website indicates that Petitioner is now located at FCI Edgefield but Petitioner has failed to update his address of record with the Court. It is Petitioner's responsibility to keep the Court apprised of his current address at all times.

Signed: January 20, 2021

_____
Frank D. Whitney
United States District Judge